IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11336
Summary Calendar
_____


MICHAEL C. KERR,

                                        Plaintiff-Appellant,

versus

CITY OF KENNEDALE; C.B.
LANCASTER, Officially;
GEORGE THOMPSON, Officially;
C.B. LANCASTER, Personally;
GEORGE THOMPSON, Personally,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CV-474-Y
- - - - - - - - - -
July 29, 1998
Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Michael C. Kerr appeals from the district court's order
granting summary judgment to the defendants and dismissing his
complaint brought pursuant to 42 U.S.C. § 1983.  He argues that the
district court erred in finding that the City of Kennedale had not
violated Kerr's constitutional rights; that the district court
erred in finding that Judge Thompson was entitled to absolute

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

immunity and that Officer Lancaster was entitled to qualified immunity; and that the district court erred in finding that Kerr had not stated any claims under state law.  Kerr further argues that the district court abused its discretion in refusing to consider his second amended complaint and in quashing his motions for discovery.

After reviewing the record and the briefs of the parties, we find that the district court did not err in finding that Kerr had failed to present any issues of material fact and that all three defendants were entitled to judgment as a matter of law.  *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(The nonmovant's burden of going beyond the pleadings and designating specific facts showing that there is a genuine issue for trial is not satisfied by conclusional allegations or unsubstantiated assertions).  We further find that the district court did not abuse its discretion in refusing to consider Kerr's second amended complaint or in quashing his motions for discovery. *See Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1030 (5th Cir. 1983)(A plaintiff's entitlement to discovery or leave to amend in the face of a defendant's motion for summary judgment may be cut off where plaintiff fails to produce any specific facts whatsoever to support a[n] allegation).

Litigants should not be deterred from advancing any claim or defense which is arguably supported by existing law, or any reasonably based suggestion for its extension, modification, or

reversal. *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). However, an appeal is frivolous if the result is obvious or the arguments of error are wholly without merit. *Coughlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988). That an appellant's filings are *pro se* is not an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets. *Farguson*, 808 F.2d at 359. Though novel constitutional theories should not be chilled, under Fed. R. App. 38, an appellant is subject to sanction for a frivolous appeal the result of which is obvious from the comprehensive and decisive exposition of the law by the judge below. *Coughlin*, 852 F.2d at 810.

To bring suit, as Kerr did, in federal court over a speeding ticket and the normal legal consequences attendant to ignoring the same, is marginally non-frivolous at best. To then pursue the same claims on appeal after the district court disposed of them in a comprehensive and decisive exposition of the law is a waste of federal resources. The appeal lacks arguable merit and is thus frivolous. We caution Kerr that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Kerr is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED, 5th Cir. R. 42.2. SANCTION WARNING ISSUED